UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

NICHOLAS MICHEL                         CIVIL ACTION NO. 6:11-cv-0595 "P"

VERSUS                                  JUDGE DOHERTY

WARDEN VIATOR; ERIC HOLDER,             MAGISTRATE JUDGE HANNA
ATTORNEY GENERAL; PHILLIP T.
MILLER, FIELD OFFICER DIRECTOR


## REPORT  AND  RECOMMENDATION


Pending before this Court is the respondents' motion to dismiss the *habeas corpus* petition filed by Nichola Michel.  (Rec. Doc. 11).  This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons, it is recommended that the motion be GRANTED.


## ANALYSIS

On April 11, 2011, Nicholas Michel initiated this lawsuit, filing a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  (Rec. Doc. 1).  In his petition, Michel alleges that he was a native and citizen of Haiti, who has been detained at the South Louisiana Correction Center in Basile, Louisiana, in the custody of the United States Immigration and Customs Enforcement ("ICE") since June 1, 2010 (Rec. Doc.

1 at 5; Rec. Doc. 10 at 2).  He also alleges that he was ordered removed from the United States on June 10, 2010 (Rec. Doc. 1 at 5; Rec. Doc. 10 at 2) but that his removal was delayed because of the earthquake and subsequent cholera epidemic in Haiti.

Michel argues that, under *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001), six months is the presumptively reasonable time period during which ICE may detain aliens in order to effectuate their removal.  He further argues that the presumptively reasonable time period has elapsed.  Michel argues that his continued detention beyond the presumptively reasonable six month time period constitutes a statutory violation, a substantive due process violation, and a procedural due process violation. Michel prays that a writ of *habeas corpus* be issued directing that he be released from custody.

On May 16, 2011, the undersigned ordered Michel's petition served on the government defendants and further ordered the defendants to answer the petition and inform the undersigned whether there was a significant likelihood of removal in the reasonably foreseeable future or whether Michel's detention is otherwise lawful. (Rec. Doc. 2).

On June 8, 2011, the government responded to Michel's petition (Rec. Doc. 8), advising that the temporary suspension of removal of Haitians following the January

-2-

12, 2010 earthquake in Haiti had been lifted and that ICE did not anticipate any difficulty with the issuance of a travel document for Michel.  The government advised that Michel "is scheduled to be removed to Haiti . . . within the reasonably foreseeable future."  (Rec. Doc. 8 at 3).

In fact, Michel was removed to Haiti on November 8, 2011.  (Rec. Doc. 11-2).

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue writs of *habeas corpus* to persons "in custody in violation of the Constitution or laws or treaties of the United States . . . ."  Michel was detained when his petition was filed and, therefore, the "in custody" requirement for *habeas* review was satisfied.  After his petition was filed, however, Michel was released from custody.  (Rec. Doc. 11-2). The undersigned finds that Michel is no longer in ICE custody, and therefore, his petition for a writ of *habeas corpus* moot.

Therefore, the undersigned recommends that the government's motion to dismiss (Rec. Doc. 11) be GRANTED, and that Michel's petition for writ of *habeas corpus* (Rec. Doc. 1) be DISMISSED WITHOUT PREJUDICE as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after

being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 21st day of November 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)